UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

MAULANA LUCAS,

        Defendant.

15-CR-143-V
ORDER

Defendant Maulana Lucas is charged in a second superseding indictment with conspiring to possess heroin, fentanyl, and cocaine with the intent to distribute those substances, in violation of 21 U.S.C. § 846 (Count 3); possessing heroin with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 16); possessing 5 kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 17); and possessing fentanyl with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 18). *See* Docket Item 217.

On November 17, 2017, Lucas moved to suppress money recovered from his rental car, as well as evidence that was seized from 98 Folger, the home of his co-defendant. *See* Docket Item 377. On December 4, 2017, the government responded to the defendant's motion. *See* Docket Item 333. In addition, the government submitted discovery and letters to defense counsel dated December 8, 2017, and December 15, 2017. See Docket Item 377, footnote 1.

On January 25, 2018, Magistrate Judge H. Kenneth Schroeder, Jr., issued a Report, Recommendation and Order ("R&R"), recommending the denial of the Lucas's

motion to suppress.  See Docket Item 377.  With respect to the evidence found in the home of Lucas's co-defendant, Judge Schroeder found that Lucas failed to meet his burden of establishing standing to contest the search.  *Id.* at 6.  With respect to the money found in Lucas's rental car, Judge Schroeder rejected Lucas's arguments that his stop and arrest were based on "unreliable information" from a "tipster" that Lucas was armed and dangerous.  In fact, after reviewing the discovery related to the search of 98 Folger, Lucas's arrest, and the subsequent search of the car, Judge Schroeder found that Lucas's assertions were "a gross misstatement of the circumstances under which defendant was detained and his car searched."  *Id.* at 7.

Judge Schroeder found that the Buffalo Police Department had probable cause to believe that Lucas was involved in drug distribution.  *Id.*  In addition, Judge Schroeder concluded that the fact that the Buffalo Police Department called on the Niagara Falls Police Department to effectuate the arrest did not make the stop of the defendant's car unlawful.  *Id.*  Finally, Judge Schroeder rejected Lucas's argument that the search of his car was warrantless.  He noted that after Lucas was arrested, the car was immediately impounded because the female driver was not authorized to drive it, and a warrant was then issued to search the car, including the trunk.  Because Lucas did not challenge the warrant itself, Judge Schroeder concluded that "it cannot be said that the search of the vehicle was 'unlawful.'"  *Id.* at 9.

Lucas did not object to Judge Schroeder's R&R, and the time to object has now expired.  For that reason, Lucas has waived his right to have the R&R reviewed.  *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review.").

Nevertheless, in its discretion, this Court has carefully reviewed the R&R. Docket Item 377. Based on that review and the absence of any objection, and for the reasons stated above and in the R&R, this Court adopts the R&R in its entirety. Lucas's motion to suppress is DENIED.

SO ORDERED.

Dated: March 15, 2018
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE